IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH CHRISTIE, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00518-P |
| CONTRACT CALLERS, INC., | § § | |
| Defendant. | § § | |

# MEMORANDUM OPINION & ORDER

Before the Court is Defendant Contract Callers, Inc.'s ("CCI") Motion to Dismiss Plaintiff Joseph Christie's Complaint (ECF No. 9), Christie's Response (ECF No. 15), and CCI's Reply (ECF No. 21). After considering the motion to dismiss, related briefing, and applicable law, the Court finds that the motion to dismiss should be and is hereby **GRANTED** and Plaintiff's Complaint should be and hereby is **DISMISSED with prejudice**.

## BACKGROUND[1]

The facts of this case are straightforward and undisputed. CCI sent Plaintiff a 30-day debt validation letter dated May 27, 2019, in which CCI sought payment of a debt.[2] Compl. at ¶¶ 27–33, Ex. A; ECF No. 1. CCI informed Plaintiff at the outset that "[t]he above referenced account has been listed with our office for collection." *Id.* The top-right corner of the letter provides, *inter alia*, that the creditor is T-Mobile and that the amount owed is $64.60. *Id.* The letter further provides several different methods of payment. *Id.* Finally, the letter explains, "**The law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it. If you do not pay the debt, we [CCI] may report or continue to report it to the credit reporting agencies as unpaid.**" *Id.* (emphasis and brackets in original).

On May 21, 2020, Plaintiff filed the instant putative class action complaint against CCI, asserting a claim for violations of the Fair Debt Collection Practices Act ("FDCPA").[3]

---

[1] The Court draws its factual account from the allegations in Plaintiff's Complaint and the attachments thereto. *See Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) ("Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.") (citations omitted); *Manguno v. Prudential Prop. & Case. Ins. Co.*, 276 F.3d 720, 725 (5th Cir. 2002) (noting that when considering a Rule 12(b)(6) motion to dismiss, "all facts pleaded in the complaint must be taken as true"); *see also Harris v. Meridian Sec. Ins. Co.*, 4:19-CV-00507-P, 2019 WL 5457027, at *3 (N.D. Tex. Oct. 24, 2019) (Pittman, J.) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000) ("A court may also consider documents that a defendant attaches to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to the plaintiff's claims.").

[2] CCI does not dispute that the May 27, 2019 letter was an attempt to collect a debt. *See* MTD at 1 ("On or about May 27, 2019, CCI sent Plaintiff . . . a letter seeking payment of a debt.").

[3] Plaintiff specifically alleges violations of 15 U.S.C. § 1692e, (2), and (10). *See* Compl. at ¶ 37.

15 U.S.C. §§ 1692–1692p. CCI filed a motion to dismiss ("MTD"), challenging each of Plaintiff's claims. ECF No. 10. Plaintiff filed a response ("MTD Resp.") (ECF No. 15), and CCI filed a reply (ECF No. 21). The motion to dismiss is now ripe for review.

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure require a party to formulate their pleadings in a manner that is organized and comprehensible." *Boswell v. Honorable Governor of Texas*, 138 F. Supp. 2d 782, 785 (N.D. Tex. 2000) (Mahon, J.). Federal Rule of Civil Procedure 8(a) requires a claim for relief to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 8(e)(1) provides that although no technical forms of pleadings are required, each claim shall be "simple, concise, and direct." FED. R. CIV. P. 8(e)(2).

If a plaintiff fails to satisfy Rule 8(a), the defendant may move to dismiss the plaintiff's claims under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "In order to avoid dismissal for failure to state a claim, a plaintiff must plead specific facts, not mere allegations." *Boswell*, 138 F. Supp. 2d at 785 (citing *Elliott v. Foufas*, 867 F.2d 877, 881 (5th Cir. 1989)). "While a complaint need not outline all the elements of a claim, the complaint must be comprehensible and specific enough to draw the inference that the elements exist." *Id.* (citing *Walker v. S. Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990); *Ledesma v. Dillard Dep't Stores, Inc.*, 818 F. Supp. 983, 984 (N.D. Tex. 1993)). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

In reviewing a Rule 12(b)(6) motion, the Court accepts all well-pleaded facts in the complaint as true and views them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678–79. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.* at 678–79. "The ultimate question in considering a motion to dismiss is whether the complaint states a valid cause of action when it is viewed in the light most favorable to the plaintiff." *Boswell*, 138 F. Supp. 2d at 785 (citing *Lowery v. Texas A & M Univ. Sys.*, 117 F.2d 242, 247 (5th Cir. 1997)).

## ANALYSIS

**A.     Applicable Law**

The FDCPA "prohibits the use of 'any false, deceptive, or misleading representation or means in connection with the collection of any debt.'" *Daugherty v. Convergent Outsourcing, Inc.*, 836 F.3d 507, 510–11 (5th Cir. 2016) (quoting 15 U.S.C. § 1692e).

Among other things, "the FDCPA prohibits '[t]he false representation of . . . the character, amount, or legal status of any debt . . . .'" *Salinas v. R.A. Rogers, Inc.*, 952 F.3d 680, 683 (5th Cir. 2020) (quoting 15 U.S.C. § 1692e(2)(A)). "It is also a violation of the FDCPA to use 'any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.'" *Id.* (quoting 15 U.S.C. § 1692e(10)).

The Fifth Circuit instructs the Court to "evaluate any potential deception in [a] letter under an unsophisticated or least sophisticated consumer standard." *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004). "That is, in determining whether the defendant's actions are deceptive under the FDCPA [the Court] must assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors." *Id.* Yet at the same time, the Court does not consider the debtor as "tied to the 'very last rung on the [intelligence or] sophistication ladder.'" *Id.* (quoting *Taylor v. Perrin, Landry deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir. 1997)). The Fifth Circuit generally treats the application of the unsophisticated consumer standard as a question of law. *Manuel v. Merchs. and Pro. Bureau, Inc.*, 956 F.3d 822, 826 (5th Cir. 2020). And while the issue of whether a collection letter is misleading is usually a question of fact, dismissal is appropriate when it is apparent from the letter that no significant fraction of the population would be misled by it. *See Daugherty*, 836 F.3d at 512 (approvingly quoting *McMahon v. LVNV Funding, LLC*, 744 F.3d 1010, 1020 (7th Cir. 2014)).

5

**B.     The May 27, 2019 letter does not violate the FDCPA solely because it failed to warn Plaintiff that a partial payment could revive an otherwise timebarred debt.**

CCI asserts that the bold language of the May 27, 2019 letter quoted above satisfies the FDCPA because the language was approved by the Fair Trade Commission ("FTC") and Consumer Financial Protection Bureau ("CFPB") in two consent decrees and because the Fifth Circuit has approved the language in *Manuel v. Merchants & Professional Bureau, Inc.*[4] MTD at 1. Plaintiff responds that CCI violated the FDCPA because although the May 27, 2019 letter did state that "[b]ecause of the age of your debt, we will not sue you for it[,]" it failed to additionally disclose that a partial payment of the debt would revive the debt under Texas state law. MTD Resp. at 11. In support of his argument, Plaintiff asserts that *Daugherty v. Convergent Outsourcing, Inc.* is controlling because *Manuel* never decided that a partial payment warning was unnecessary. *Id.* at 1. In reply, CCI asserts that Plaintiff's partial-payment argument is an unpleaded claim, that both cases actually support CCI's position, and that this Court, *Gonzales v. Portfolio Recovery Assocs., LLC*, No. 4:19-CV-218-A, 2019 WL 2772524 (N.D. Tex. July 2, 2019), has squarely rejected Plaintiff's argument. Reply at 1–3. Because both sides rely on Fifth Circuit cases, the Court briefly discusses each.

In *Daugherty v. Convergent Outsourcing, Inc.*, the Fifth Circuit considered a case in which a debt collector had offered to "settle" a timebarred credit card debt of

---

[4]CCI requests that the Court take judicial notice of the consent decrees. MTD at 2. Plaintiff appears to take issue with CCI's interpretation of the consent decrees, but Plaintiff does not specifically object to the request for judicial notice. MTD Resp. However, because the Court's analysis does not turn on the consent decrees, CCI's request is **DENIED.**

approximately $32,00 for a payment of approximately $3,000. 836 F.3d at 509. The *Daugherty* court analyzed cases from other circuits before concluding that "a collection letter that is silent as to litigation, but which offers to 'settle' a timebarred debt without acknowledging that such debt is judicially unenforceable, can be sufficiently deceptive or misleading to violate the FDCPA." *Id.* at 511. Thus, the *Daugherty* court reversed the district court's grant of the defendant's motion to dismiss. *Id.* at 514. However, the *Daugherty* court stopped short of holding that a collection letter seeking payment on a timebarred debt was violative of the FDCPA as a matter of law: "[A] collection letter seeking payment on a time-barred debt (without disclosing its unenforceability) but offering a 'settlement' and inviting partial payment (without disclosing the possible pitfalls) *could constitute a violation* of the FDCPA." *Id.* at 513 (emphasis added).[5]

In *Manuel*, the debt collector appealed from the district court's grant of summary judgment in favor of the debtor's FDCPA claim. 956 F.3d at 823. The district court had relied on *Daugherty* and held that a letter seeking collection of timebarred debt that failed to alert the debtor as to "the existence and operation" of a statute of limitations is misleading as a matter of law. *Id.* The *Manuel* court affirmed because the "urgent language and vague threats" combined with the letter's "silence as to the debt's timebarred nature," misrepresented the enforceability of the debt in violation of the FDCPA. *Id.* at 831–32.

---

[5]Underscoring that it did not set out a per se rule, the Fifth Circuit later explained that stating such action "can be" violative of the FDCPA is "a far cry from implying . . . that every attempt to collect such a [timebarred] debt infringes on FDCPA-created rights." *Mahmoud v. De Moss Owners Assoc., Inc.*, 865 F.3d 322, 333 (5th Cir. 2017).

However, the *Manuel* court expressly left "for another day whether such silence on its own is misleading as a matter of law." *Id.*

Based on the Court's reading of these cases, the current state of Fifth Circuit FDCPA law is that it is not per se unlawful for a debt collector to seek collection of a timebarred debt, but it is violative of the FDCPA when statements in a collection letter taken as a whole could mislead an unsophisticated consumer to believe that a timebarred debt is legally enforceable. But neither *Daugherty* nor *Manuel* controls because the language in the May 27, 2019 letter is inapposite. That is, in both *Daugherty* and *Manuel*, the debt collector wholly failed to alert the debtor to the statute of limitations. Here, CCI expressly notified Plaintiff that "**[t]he law limits how long you can be sued on a debt. Because of the age of your debt, we will not sue you for it**." Compl. at Ex. A. Thus, it is undisputed that CCI notified Plaintiff that there was a statute of limitations and that the debt was not judicially enforceable.

Yet Plaintiff contends that it was still misleading because the letter did not warn that a partial payment could revive the timebarred debt. MTD Resp. at 4. The Court finds instructive a recent decision from another judge of this Court. *Gonzales v. Portfolio Recovery Associates, LLC*, No. 4:19-CV-218-A, 2019 WL 2772524 (N.D. Tex. July 2, 2019). In *Gonzales*, the defendant filed a motion to dismiss a claim that the defendant had violated § 1692e of the FDCPA "by making false and misleading representations that defendant 'will not sue' and failing to inform plaintiff that a subsequent debt buyer could sue if plaintiff's promise to repay or partial payment restored the statute of limitations." *Id.* at *2. The Honorable Senior United States District Judge John H. McBryde explained

8

that "[u]nder Texas law, the statute of limitations on a time-barred debt . . . is revived only if there is a writing containing an unequivocal acknowledgment of the justness of the claim and an expression of a willingness to pay. . . . Partial payment alone is not sufficient to revive a time-barred debt." *Id.* (citing *House of Falcon, Inc. v. Gonzalez*, 583 S.W.2d 902, 905 (Tex. App.—Corpus Christi 1979, no writ) and *Mandola v. Oggero*, 508 S.W.2d 861, 863 (Tex. App.—Houston [14th Dist.] 1974, no writ)). Thus, Judge McBryde granted the motion to dismiss the plaintiff's § 1692e claim because "there was no need for defendant to warn plaintiff that the revival of the statute of limitations was possible." *Id.*

Considering the entirety of the language of the May 27, 2019 letter from the vantage point of the least sophisticated consumer, the Court finds that there is nothing false, deceptive, or misleading when CCI informed Plaintiff that there is a statute of limitations limiting how long Plaintiff could be sued to collect the debt and that Plaintiff would not be sued for debt. Read together, these sentences inform even the least sophisticated consumer that there is a statute of limitations and unequivocally that CCI would not sue because of the age of the debt. *See Gonzales*, 2019 WL 2772524, at *3 (explaining that "the statement that defendant 'will not sue' is an accurate, unequivocal statement having no other plausible meaning"); *see also Stimpson v. Midland Credit Mgmt., Inc.*, 944 F.3d 1190, 1196 (9th Cir. 2019) ("[N]othing in the FDCPA requires debt collectors to make disclosures that partial payments on debts may revive the statute of limitations in certain states."). As the *Manuel* court recognized, the question "is not whether the letters include a settlement offer or litigation threat but whether, read as a whole, they misrepresent the legal enforceability and character of the debt in violation of 15 U.S.C. § 1692e(2) and (10)." 956 F.3d at 830.

9

The Court does not find any misrepresentation as to the legal enforceability of the debt from CCI in the May 27, 2019 letter. Nor does the Court find any "urgent language and vague threats of additional but unspecified collection efforts" that the Fifth Circuit has previously concluded to be violative of the FDCPA. *Id.* at 831.

Accordingly, the Court dismisses Plaintiff's FDCPA claims based on CCI's failure to include warnings about partial payments.

## C. CCI's use of "we" in the May 27, 2019 letter—purportedly misrepresenting its authority to file suit on the debt—is not material and thus not violative of the FDCPA.

The crux of Plaintiffs' complaint is that CCI misrepresented its ability to sue on the debt. Compl. at ¶¶ 27–33. Plaintiffs contend that the bolded language quoted above is misleading because it purports that CCI has the authority and/or the capacity to file a suit on the debt (although the May 27, 2019 letter expressly states that Plaintiff would not be sued) when it is neither a creditor nor an assignee. *Id.* In its motion to dismiss, CCI states that the use of "we" is not material, so even if a technical misrepresentation, it is inactionable. MTD at 7–8. Plaintiff responds that the FDCPA is a strict liability statute, so even technical misrepresentations are actionable. MTD Resp. at 2. Plaintiff cites a Southern District of Texas case to support his proposition that CCI's language that "we" will not sue Plaintiff on the debt states a claim under the FDCPA because it misrepresented that CCI had the ability to sue. *Id.* at 17 (citing *Carter v. First Nat'l Collection Bureau, Inc.*, 135 F. Supp. 3d 565, 570 (S.D. Tex. 2015)). In reply, CCI directs the Court to Senior United States District Judge Sidney A. Fitzwater's recent decision in *Ortiz v. Enhanced Recovery Co., LLC*, No. 3:18-CV-1347-D, 2019 WL 2410081, at *4 (N.D. Tex. June 6,

10

2019), to demonstrate that courts in the Fifth Circuit requires more than simple confusion to state a FDCPA claim. Reply at 4.

Although *Carter* does state that "a debt collector's misrepresentation as to its right to sue on a debt is itself sufficient to violate § 1692," that statement was in the context of deciding whether threatening litigation on or threatening to "settle" a timebarred debt is sufficient to mislead a debtor that a stale debt is legally enforceable. 136 F. Supp. 3d at 570. That is, the letter in *Carter* was a dunning letter[6] that offered to "settle" a timebarred debt. CCI's May 27, 2019 letter was a 30-day debt validation notice and not a dunning letter and it did not contain an offer to settle the debt. Thus, the Court finds *Carter* to be inapplicable.

In *Ortiz*, Judge Fitzwater granted the defendant-debt collector's motion for summary judgment when the plaintiff-debtor alleged that the defendant had violated Sections 1692e, (2), and (10) of the FDCPA by sending two 30-day debt validation notices more than thirty days apart. 2019 WL 2410081, at *3. Relevant here, was Judge Fitzwater's reasoning and reliance on cases holding that "simple 'confusion' in the colloquial sense is not legal 'confusion' as contemplated by the FDCPA." *Id.* at *4 (quoting *Curry v. AR Res., Inc.*, Civil No. 16-517-RMB/KMW, 2016 WL 8674254, at *5 (D. N.J. Nov. 4, 2016)). Judge Fitzwater acknowledged that those cases were not controlling, but he noted that other district courts within the Fifth Circuit agreed that the

---

[6]"A 'dunning letter' is a demand for payment from a delinquent debtor." *Ferguson v. Credit Mgmt. Control, Inc.*, 140 F. Supp. 2d 1293, 1295 (M.D. Fla. 2001) (quoting BLACK'S LAW DICTIONARY 518 (7th ed. 1999)).

"application of the unsophisticated consumer standard does not require that any simple confusion equate to FDCPA liability." *Id.* (citing *Gomez v. Niemann & Heyer, L.L.P.*, No. 1:16-CV-119-RP, 2016 WL 3562148 (W.D. Tex. June 24, 2016)).

The Court agrees with *Ortiz* and the conclusion that "simple confusion" does not equate to FDCPA liability. Here, any confusion in the bold language of the May 27, 2019 letter quoted above does not create more than simple confusion in the unsophisticated consumer. That is, when read as a whole, the letter is a 30-day debt validation letter that expressly states there is a statute of limitations that limits how long Plaintiff can be sued on a debt and that because of the age of the debt "we"—which could reasonably be read to mean either CCI individually or CCI and T-Mobile collectively—would not sue Plaintiff on it. There is no offer to "settle" or urgent warnings that Plaintiff's failure to make a partial payment would result in litigation. CCI's statement that "we" will not sue does not create confusion to the unsophisticated consumer because the identities of the creditor (T-Mobile) and the debt collector (CCI) are apparent from the face of the letter. The fact that CCI may not technically have standing or capacity to sue would not cause an unsophisticated consumer to alter any decision-making and give up any substantive right in favor of the creditor and/or debt collector. Indeed, while Plaintiff alleges that the use of "we" would be misleading to the unsophisticated consumer, he does not state how, and the Court does not discern how the unsophisticated consumer would be misled.

Accordingly, the Court dismisses Plaintiff's FDCPA claim based on CCI's use of "we" in the May 27, 2019 letter.

### D.     Dismissal is with prejudice.

Dismissal without prejudice is appropriate if a federal court finds that the plaintiff has not alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999). Thus, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Lopez–Santiago v. Coconut Thai Grill,* No. 3:13–CV–4268–D, 2014 WL 840052, at *5 (N.D. Tex. Mar. 4, 2014) (quoting *In re Am. Airlines, Inc., Privacy Litigation*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005)).

Dismissal here is warranted as a matter of law, not because Plaintiff has failed to plead his best case, but because it is apparent from the May 27, 2019 letter that no significant fraction of the population would be misled by it. *See Daugherty*, 836 F.3d at 512. Accordingly, the Court concludes that dismissal should be with prejudice.

### CONCLUSION

In light of the foregoing, the Court concludes that the CCI's motion to dismiss should be and is hereby **GRANTED**, and Plaintiff's case is **DISMISSED with prejudice**.

**SO ORDERED** on this **23rd day** of **February, 2021**.

Mark T. Pittman
UNITED STATES DISTRICT JUDGE

13